UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BARRAZA, | No. 2:21-cv-01562 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| PRODUCTION FRAMING, INC., et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

      A.  The Complaint

Plaintiff sues his former employer, Production Framing Inc., and individuals Doyle Hendrick, Jose Hernandez, and Scott Bergst. ECF No. 1 at 2. Plaintiff checks the box on the form complaint indicating that the basis for his lawsuit is Title VII of the Civil Rights Act of 1965 and the Americans with Disabilities Act of 1990. ECF No. 1 at 4. Under "other federal law" plaintiff writes "discrimination retaliation." Id. When prompted to identify the discriminatory conduct at issue, plaintiff listed termination of employment, failure to promote, failure to accommodate his disability, unequal terms and conditions of employment, and retaliation. Id. at 5. The discriminatory acts took place July 15, 2019. Id. Plaintiff alleges he was discriminated against based on his race, color, national origin, and disability, though he does not identify what his race, color, national origin, or disability are. Id.

The body of plaintiff's complaint states that he was terminated from employment based on his disability and in retaliation for requesting a reasonable accommodation on or about July 15, 2019. Id. at 6. Plaintiff states he provided a medical note to his employer releasing him to return to work, but he did not receive a response. Id. On August 6, 2019, plaintiff was told he was terminated because he did not sign a waiver that was part of his employment packet, but he was not informed of the document upon his hiring. Id. Plaintiff alleges his termination was pretext for discrimination in retaliation for requesting an employment accommodation. Id. Plaintiff also believes it was pretext for retaliation for reporting racial harassment to his supervisor, Jose Hernandez. Id. Plaintiff seeks one million dollars in damages. Id. at 8.

      B.  Analysis

Plaintiff's complaint, as drafted, does not provide enough information for the court to determine whether plaintiff can state a claim upon which relief can be granted.

To establish a prima facie case of discrimination under Title VII, the plaintiff must show: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Bodett v. CoxCom, Inc., 366 F.3d 736, 743 (9th Cir.2004). "Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." Ricci v. DeStefano, 557 U.S. 557, 577, (2009). "Proof of discriminatory motive is critical [in disparate treatment cases], although it can in some situations be inferred from the mere fact of differences in treatment." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).

Here, plaintiff has not established that he is a member of a protected class under Title VII. He alleges racial and national origin discrimination but does not identify his race or national origin. Nor does he list any facts indicating he was qualified for his position, that his employment termination was related to any protected-class status, or that similarly situated individuals outside his protected class status were treated more favorably. Plaintiff's conclusory statements and speculation are not enough. He must provide specific facts to establish that he can state a Title VII discrimination claim.

As to plaintiff's retaliation claim, plaintiff specifies retaliation was due to his request for disability accommodations, but he does not allege enough facts to state a claim. The Ninth Circuit has recognized that the framework used to analyze Title VII retaliation claims applies equally to the ADA. Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1121 (9th Cir.2000) (adopting Title VII analysis for the ADA), overruled on other grounds, 535 U.S. 391 (2002). To establish a prima facie case of retaliation under this framework, a plaintiff must demonstrate: (1) that he engaged in a protected activity, (2) that he was thereafter subjected to adverse employment action, and (3) that a causal link exists between the protected activity and the adverse employment action. Id. To establish an adverse employment action, "a plaintiff must show that a

reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (quotations omitted). A causal link can be shown by direct evidence or inferred from circumstantial evidence such as closeness in time between the protected activity and the employment decision and whether the employer knew that the employee engaged in protected activities. Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987). The complaint must state enough facts to establish a prima facie retaliation case under the ADA.

Finally, plaintiff does not make any allegations related to the individual defendants. Because of this, he cannot state any legal claim against them.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff. The complaint must include enough factual allegations to state a claim for each cause of action alleged.

////

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed. The facts you have put in your complaint are not enough to make any of the legal claims you have listed. Because of this, the complaint will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. You need to include enough facts to show that you can support your legal claims. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

////

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: September 7, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE